IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MOHAMMED ABUHARBA, #Y16719, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 3:21-cv-01077-SMY |
| ) | |
| CHAPLAIN CLAYCOMB, ) | |
| CHIEF KEIM, ) | |
| LANCE PHELPS, ) | |
| FRANK E. LAWRENCE, ) | |
| ANTHONY WILLS, ) | |
| AMY BURLE, ) | |
| SHERRY BENTON, ) | |
| ROB JEFFREYS, and ) | |
| JOHN DOE, *Mail Room Officer*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Mohammed Abuharba, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights.  This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A.  Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed.  28 U.S.C. § 1915A(b).

### The Complaint

Abuharba makes the following allegations in the Complaint (Doc. 1): Abuharba purchased religious items for Ramadan 2019 through Islamicbookstore.com on March 29, 2019.  When the items arrived at Menard on April 18, 2019, John Doe Mailroom Officer denied Abuharba the items and returned them to the sender.  Abuharba grieved the issue to the grievance officer, Warden

Frank Lawrence, ARB Member Amy Burle, and IDOC Director Rob Jeffreys. He stated the items were mandatory for his religion and posed no security risk. They denied his grievance and thereby denied him the right to meaningfully practice his religion.

During Ramadan 2019, Lawrence refused to allow Muslim inmates, including Abuharba, to congregate for worship or to break their fast even though there were many safe, secure, and available options to do so. Abuharba grieved the issue to the grievance officer, Warden. Lawrence, ARB Member Sherry Benton, and IDOC Director Jeffreys. He asserted that these practices were a meaningful and mandatory part of his religion and complete denial of congregation was not the least restrictive means of maintaining security. These individuals his grievance and thereby denied him the right to practice his religion.

Also during Ramadan 2019, Menard did not feed Muslim inmates proper Halal food to break their fast. Abuharba addressed the issue in a grievance and requested that inmates be allowed to purchase commercially packaged religious food through a vendor. Claycomb and Kein denied the grievance and his request. In their response, they "alluded to donations," as if Abuharba should attempt to procure donations, placing a substantial burden on Abuharba. Abuharba grieved the issue to Grievance Officer Lance Phelps, Warden Anthony Wills, ARB Member Benton, and IDOC Director Jeffreys. They denied the grievance and thereby denied him the opportunity to meaningfully practice his religion.

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:[1]

> Count 1: First Amendment claim against John Doe Mailroom Officer, Frank Lawrence, Amy Burle, and Rob Jeffreys for substantially burdening

---

[1] Any claim that is mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

|  |  |
|---|---|
| | Abuharba's practice of religion by denying him religious items he purchased for Ramadan 2019. |
| Count 2: | Religious Land Use and Institutionalized Persons Act (RLUIPA) claim against John Doe Mailroom Officer, Frank Lawrence, Amy Burle, and Rob Jeffreys for substantially burdening Abuharba's practice of religion by denying him religious items he purchased for Ramadan 2019. |
| Count 3: | First Amendment claim against Frank Lawrence, Sherry Benton, and Rob Jeffreys for substantially burdening Abuharba's practice of religion by denying him and other Muslim inmates to congregate for worship and to break their fast for Ramadan 2019. |
| Count 4: | Religious Land Use and Institutionalized Persons Act (RLUIPA) claim against Frank Lawrence, Sherry Benton, and Rob Jeffreys for substantially burdening Abuharba's practice of religion by denying him and other Muslim inmates to congregate for worship and to break their fast for Ramadan 2019. |
| Count 5: | First Amendment claim against Chaplain Claycomb, Chief Keim, Lance Phelps, Anthony Wills, Sherry Benton, and Rob Jeffreys for substantially burdening Abuharba's practice of religion by denying him proper Halal food to break his fast for Ramadan 2019. |
| Count 6: | Religious Land Use and Institutionalized Persons Act (RLUIPA) claim against Chaplain Claycomb, Chief Keim, Lance Phelps, Anthony Wills, Sherry Benton, and Rob Jeffreys for substantially burdening Abuharba's practice of religion by denying him proper Halal food to break his fast for Ramadan 2019. |

## Discussion

### Counts 1, 3, and 5

"A prisoner is entitled to practice his religion insofar as doing so does not unduly burden the administration of the prison." *Hunafa v. Murphy*, 907 F.2d 46, 47 (7th Cir. 1990). To state a claim under the free exercise clause of the First Amendment, a plaintiff set forth facts sufficient to allege that his "right to practice [his chosen religion] was burdened in a significant way." *Kaufman v. McCaughtry*, 419 F.3d 678, 683 (7th Cir. 2005).

Here, the allegations in the Complaint are sufficient for Abuharba to proceed on Count 1

against John Doe Mailroom Officer and in Count 5 against Claycomb and Keim. He may also proceed on Count 3 against Warden Lawrence based on an attachment to the Complaint that indicates he was responsible for the decision regarding congregate services for Ramadan.

"The alleged mishandling of [a prisoner's] grievances by person who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Therefore, to the extent Abuharba seeks to bring claims against Lance Phelps, Frank Lawrence, Anthony Wills, Amy Burle, Sherry Benton, and Rob Jeffreys based on their denial of his grievances, he fails to state a claim against them. That said, "a prison official's knowledge of prison conditions learned from an inmate's communications can, under some circumstances, constitute sufficient knowledge of the conditions to require the officer to exercise his or her authority and to take the needed action to investigate and, if necessary, to rectify the offending condition." *Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996).

Abuharba alleges ongoing constitutional violations that administrative officials would have the authority to address. As such, he states a plausible claim in Count 1 against Lawrence, Burle, and Jeffreys, in Count 3 against Lawrence, Benton, and Jeffreys, and in Count 5 against Wills, Benton, and Jeffreys. He fails to state a claim against Phelps, who would not have the authority as a grievance officer to rectify the issues Abuharba raised. Therefore, Phelps will be dismissed.

**Counts 2, 4, and 6**

Inmates are afforded broad religious protections under RLUIPA, which prohibits prisons receiving federal funds from imposing a substantial burden on an inmate's religious exercise unless prison officials can demonstrate that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest. 42 U.S.C.A. § 2000cc-1; *Schlemm v. Wall*, 784 F.3d 362, 363

(7th Cir. 2015). The relief available under RLUIPA is injunctive; it does not authorize monetary damages. *Sossamon v. Texas*, 563 U.S. 277, 287 (2011); *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012). Nor does RLUIPA permit a cause of action against state employees; it permits relief only against "governmental bodies that receive funds and accept the conditions attached by the statute." *Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011). Consequently, only Anthony Wills, in his official capacity as the current Warden of Menard Correctional Center, and Rob Jeffreys, in his official capacity as the current IDOC Director are proper defendants. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out). Thus, the claims against the remaining defendants and against Wills and Jeffreys in their individual capacities will be dismissed.

## Request for Preliminary Injunction

Abuharba states that he is seeking preliminary injunctive relief in the Complaint, but did not file a separate motion for a preliminary injunction or assert the reasons he is entitled to immediate relief under Rule 65(a) of the Federal Rules of Civil Procedure. Accordingly, his request for injunctive relief is denied without prejudice.

## Identification of Doe Defendant

Abuharba will have the opportunity to engage in limited discovery to ascertain the identity of the Doe defendant. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). Warden Wills, in his official capacity, shall respond to discovery aimed at identifying the unknown defendant. Guidelines for discovery will be set by the undersigned judge. Once the name of the Doe Defendant is discovered, Abuharba shall file a motion to substitute the newly identified Defendant for the Doe Defendant.

**Disposition**

The First Amendment claims set forth in Count 1 will proceed against John Doe Mailroom Officer, Frank Lawrence, Amy Burle, and Rob Jeffreys; Count 3 will proceed against Lawrence, Benton, and Jeffreys; and Count 5 will proceed against Chaplain Claycomb, Chief Keim, Anthony Wills, Benton, and Jeffreys.

The RLUIPA claims in Counts 2, 4, and 6 will proceed against Anthony Wills, in his official capacity as the current Warden of Menard Correctional Center, and Rob Jeffreys, in his official capacity as the current IDOC Director but the claims against all other Defendants and against Wills and Jeffreys in their individual capacities are **DISMISSED with prejudice**.

The claim in Count 5 against Lance Phelps is **DISMISSED without prejudice**. The Clerk of Court is **DIRECTED** to terminate him as a party.

The Clerk of Court shall prepare for Chaplain Claycomb, Chief Keim, Frank Lawrence, Anthony Wills (official and individual capacities), Amy Burle, Sherry Benton, Rob Jeffreys (official and individual capacities): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Abuharba. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Abuharba, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the

Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  April 5, 2022**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve the Defendants with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants Answers, but it is entirely possible that it will take **90 days** or more. When Defendants have filed Answers, the Court will enter a Scheduling and Discovery Order containing important information on deadlines, discovery, and procedures. **Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff should not submit any evidence to the Court at this time, unless specifically directed to do so.**