**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

MOHAMMED ABUHARBA, #Y16719,    )
    )
        Plaintiff,    )
    )
vs.    )   Case No. 3:21-cv-01077-SMY
    )
CHAPLAIN CLAYCOMB, et al.,    )
    )
        Defendants.    )

## <u>ORDER</u>

This matter is before the Court on the Motion to Vacate Order for Entry of Default filed by Defendant James Claycomb. (Doc. 32). Following service, Defendant returned an executed Waiver of Summons; his responsive pleading was due June 6, 2022. (Doc. 14).  However, he failed to move, answer, or otherwise plead in response to the Complaint by that deadline, and a Clerk's Entry of Default was docketed on July 25, 2022.  (Doc. 25).  Defendant filed the instant motion on August 19, 2022.  (Doc. 32).

"A party seeking to vacate an entry of default prior to the entry of judgment must show: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint."  *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630–31 (7th Cir.2009) (citations omitted); Fed. R. Civ. P. 55(c).  Claycomb is a retired IDOC employee. He asserts that he inadvertently failed to request representation from the Office of the Attorney General and took quick action to correct the default once he was made aware of it.

The undersigned notes that present and retired IDOC employees seeking relief for entries of default after returning executed waivers of summons has become an all too frequent and troubling occurrence.  Moreover, a party's failure to personally take steps necessary to secure legal representation to answer claims asserted against it cannot be accurately described as inadvertent –

it is irresponsible at best. That said, Defendant Claycomb does assert meritorious defenses to Plaintiff's claims in his motion.

Accordingly, consistent with this Court's preference for the adjudication of claims on the merits,  Defendant's Motion to  Vacate Order for Entry of Default (Doc. 32) is **GRANTED**; the Clerk's Entry of Default (Doc. 25) is **VACATED**.  Defendant Claycomb is **ORDERED** to file a responsive pleading within 7 days of the date of this Order.

**IT IS SO ORDERED.**

**DATED:  August 29, 2022**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**